**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

*Plaintiff*,

v.

DANIEL JENKINS,

*Defendant*.

Crim. No. 13-646

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

On December 9, 2021, the Court issued an Opinion and an Order which denied Defendant's motion to modify his sentence and for immediate release. D.E. 104 ("Prior Opinion" or "Prior Op."), 105. Defendant now moves for the Court to reconsider its Prior Opinion, D.E. 106, and the Government filed opposition, D.E. 107. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court denies the motion for reconsideration.

In the Prior Opinion, the Court detailed the relevant background and applicable legal standard, which the Court incorporates by reference here. Prior Op. at 2-8.

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i), which is incorporated to criminal matters through Local Criminal Rule 1.1. Such motions must be made within fourteen days of the entry of an order. L. Civ. R. 7.1(i).[1]

---

[1] Defendant did not file his motion for reconsideration in a timely fashion nor did he provide an explanation as to why his motion was out of time. Because Defendant is incarcerated, the Court would be willing to extend the time of filing if Defendant provided a good reason. Defendant

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Defendant's motion does not fall within any of the three categories authorizing a motion for reconsideration. Defendant points to no intervening change in the controlling law, no new evidence not previously available, and no clear error or manifest injustice. Instead, Defendant raises the same issues that the Court previously considered. Defendant provides a reason for his refusal to get vaccinated and prison conditions during the pandemic, D.E. 106 at 4-8, 10-12; his efforts at rehabilitation, *id.* at 8-10; the Third Circuit's decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), *id.* at 12-14; and an analysis of the Section 3553(a) factors, *id.* at 14-16. Defendant's reasons for refusing to be vaccinated reflects new information, but it was available to

---

provides none, and his submission is over two months late. For this reason, the Court denies the motion. Nevertheless, as explained, the Court also denies the request on the merits.

2

Defendant at the time of his initial motion. In any event, Defendant's reasons do not change the Court's prior analysis. Defendant also points to a 2022 decision in this District. *Id.* at 22-23. The decision is not binding authority nor is it apposite. Otherwise, the Court addressed all of Defendant's arguments in its Prior Opinion. Prior Op. at 9-12. Defendant's motion for reconsideration is therefore denied.

For the foregoing reasons, and for good cause shown,

It is on this 8th day of July 2022 hereby

**ORDERED** that Defendant's motion for reconsideration, D.E. 106, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant by regular mail.

John Michael Vazquez, U.S.D.J.